### STATE v. FURLONG.
No. 1770.

Circuit Court, Indian River County, Criminal Appeal.

December 4, 1973.

L. B. Vocelle, Vero Beach, for the appellant.

Kenneth E. Padgett, Jr., Assistant State Attorney, for the appellee.

D. C. SMITH, Circuit Judge.

This appeal brings on for review a verdict, judgment and sentence in the county court of Indian River County.

It appears from the record that a warrant was issued on October 6, 1971, and an information filed on November 5, 1971, charging the defendant, J. R. Furlong, with Unlawful Altering of Odometer. The defendant entered a plea of not guilty and the case was set for jury trial on November 17, 1971. When the case came on for trial, the state moved to amend the information by adding J. R. Furlong, as president of J. R. Furlong, Inc., as an additional defendant. The motion was granted and the information so amended. Whereupon the attorney representing J. R. Furlong, individually, announced to the court that he did not represent J. R. Furlong, Inc., and moved the court to continue the case so that J. R. Furlong, Inc. could secure other counsel to represent it. Such motion was denied. The trial proceeded immediately against J. R. Furlong, individually, and J. R. Furlong, as president of J. R. Furlong, Inc., without the defendant, J. R. Furlong, as president of J. R. Furlong, Inc., being arraigned or entering any type of plea whatsoever.

The jury after hearing testimony, argument of counsel for the state and the defendant, J. R. Furlong, individually (the defendant, J. R. Furlong, as president of J. R. Furlong, Inc., not being represented by counsel) and instructions from the court returned a verdict of "not guilty" as to the defendant, J. R. Furlong, individually, and returned a verdict of "guilty as charged" as to the defendant, J. R. Furlong, as president of J. R. Furlong, Inc. Whereupon the court forthwith sentenced the defendant J. R. Furlong, as president of J. R. Furlong, Inc., to pay a fine in the sum of $1,000. The defendant, J. R. Furlong, as president of J. R. Furlong, Inc., along with the defendant, J. R. Furlong, individually, filed a mo-

tion in arrest of judgment and a motion for a new trial. The defendant, J. R. Furlong, as president of J. R. Furlong, Inc., filed its notice of appeal from such verdict, judgment and sentence and has otherwise duly perfected its appeal.

It was error for the court to require the defendant, J. R. Furlong, as president of J. R. Furlong, Inc., to immediately proceed to trial on the same day an information was filed against it without being arraigned, without being given an opportunity to plead and without being given a reasonable time to obtain counsel and prepare for trial.

> "There are a number of rulings by the United State Supreme Court indicating that if a state denies one accused of crime proper opportunity to retain counsel of his choice, such denial constitutes a deprivation of the accused's right to due process guaranteed by the Fourteenth Amendment." 9 Fla. Jur., page 203.

> "A judgment entered against an accused in violation of his right to have the assistance of, and be heard by, counsel is void. The right of one accused of crime to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice resulting from its denial. This right to counsel is not a formal, but a substantial, one, and is zealously guarded by the courts." 23 C.J.S., page 913.

The verdict and sentence appealed from are hereby set aside and the judgment is reversed.